**SO ORDERED.**

**SIGNED this 25 day of March, 2015.**



**David M. Warren**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 10-03158-8-DMW |
| **KIVIN GEORGE VARGHESE,** | CHAPTER 7 |
| DEBTOR. | |

### ORDER DENYING MOTION TO RECONSIDER DISALLOWANCE OF CLAIM AND ORDER APPROVING CHAPTER 7 TRUSTEE'S FINAL REPORT AND ALLOWING ADDITIONAL ATTORNEY'S FEES FOR TRUSTEE

This matter comes on to be heard upon the Trustee's Final Report filed by Gregory B. Crampton, Esq. ("Trustee"), Chapter 7 trustee, and the response filed by VED Software Services, Inc. ("Vedsoft"), and the Motion to Reconsider Disallowance of Claim ("Motion to Reconsider") filed by Vedsoft.  The court conducted a hearing in Raleigh, North Carolina on November 12, 2014.  The Trustee, who is serving as his own counsel, was present, and William E. Brewer, Jr., Esq. appeared for Vedsoft.  Venkateswaram Mannapra, Chief Financial Officer of Vedsoft, testified on behalf of Vedsoft.  Based upon the evidence presented and the arguments of counsel, the court makes the following findings of fact and conclusions of law:

1.  This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334.  The court has the authority to hear this

matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. Kivin George Varghese ("Debtor") filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on April 21, 2010. The Trustee was appointed to fulfill the duties as provided in 11 U.S.C. § 704.

3. On Schedule B filed with the court, the Debtor listed a 25% ownership interest in Brandport, Inc. ("Brandport"). On Schedule F filed with the court, the Debtor listed a judgment ("Judgment") in the amount of $88,812.50 in favor of Vedsoft. The Judgment was entered September 24, 2009 in the form of a Judgment by Default against the Debtor in the United States District Court for the Eastern District of Michigan. Vedsoft also obtained a Judgment by Default against Brandport in the same action.[1]

4. On November 18, 2013, the court entered a Notice of Need to File Proof of Claim Due to Recovery of Assets ("Notice"). The Notice required that "[c]reditors who wish to share in any distribution of funds must file a proof of claim with the clerk of the bankruptcy court at [P.O. Box 791 Raleigh, NC 27602] on or before February 20, 2014." The Notice stated that although creditors were initially instructed that filing a proof of claim was unnecessary due to insufficient assets to pay creditors, assets had been recovered by the Trustee, and creditors must file a proof of claim to be entitled to a distribution of funds.

5. On December 9, 2013, Vedsoft filed a Proof of Claim ("Claim") in the amount of $88,812.50. The Claim stated that the obligation owed to Vedsoft related to unpaid software services.

---

[1] The Judgment by Default against Brandport is reflected in the schedules in Brandport's Chapter 7 case filed in this District on October 1, 2010, Case No. 10-08039-8-JRL.

6. On March 27, 2014, the Trustee filed an Objection to Claim ("Objection"), asserting the Claim should be denied in full because Vedsoft did not attach any supporting documentation to the Claim. That type of objection is very common in Chapter 7 cases in this District.

7. Mr. Mannapra testified that upon receiving the Objection, Vedsoft drafted a letter ("Letter") that included documentation supporting Vedsoft's Claim. Attached to the Letter was a Notice of Filing of Foreign Judgment, which domesticated the $88,812.50 Judgment in Durham County, North Carolina in February, 2010. According to Mr. Mannapra, Vedsoft mailed copies of the Letter to the court and the Trustee. At the hearing, Vedsoft submitted a copy of the Letter and its attachments as Exhibit 9, and as Exhibit 10 Vedsoft submitted copies of pages from Vedsoft's mailing ledger indicating the Letter was timely mailed to the court and the Trustee.

8. The court records reflect no receipt of the Letter. Upon receipt miscellaneous correspondence is entered by the clerk on the docket sheet for the particular case. Sometimes public viewing of the correspondence is restricted depending on the subject matter and appropriateness of the communication. The Trustee asserts he did not receive the Letter and has no record of receiving it. Because neither the court nor the Trustee received any response to the Objection, the court entered an Order allowing the Objection ("Objection Order") on May 1, 2014. The Objection Order was served on the parties in interest, and Vedsoft acknowledges receipt of the Objection Order but did not appeal.

9. At the hearing, Mr. Mannapra testified that because Vedsoft's principals were under the impression the court had received the Letter, they assumed the court had taken the Letter and its attachments into consideration when ruling on the Objection. That position is

3

inconsistent with the ruling in the Objection Order, and even if credible, it was a poor way of handling what appears now to be a very important matter to Vedsoft.

10. On August 22, 2014, the Trustee filed the Trustee's Final Report, which tallied the funds available for distribution. Upon receiving the Final Report and seeing no distribution allocated to Vedsoft, Vedsoft obtained local counsel and filed the Motion to Reconsider and an Objection to the Final Report.

11. Rule 3008 of the Federal Rules of Bankruptcy Procedure allows a creditor to move for reconsideration of a court's order disallowing a claim against a debtor's estate. Fed. R. Bankr. P. 3008.

12. Section 502(j) of the Bankruptcy Code governs reconsideration of a disallowed claim, and states that a disallowed claim may be reconsidered "for cause," and "may be allowed . . . according to the equities of the case." 11 U.S.C. § 502(j). Thus, the court's inquiry should begin with a determination whether there is "cause" for reconsideration, and if so, the inquiry should shift to whether the equities of the case favor allowance of the Claim. *Dorula v. Flanders (In re Starlight Group, LLC)*, 515 B.R. 290, 293 (Bankr. E.D. Va. 2014).

13. <u>No Cause for Reconsideration</u>

    a. Federal Rule of Civil Procedure 60(b), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024, lists the following six grounds for relief from a final judgment, order or proceeding:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

>       (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>       (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

      b.     Vedsoft asserts that its failure to submit successfully the Letter to the court or confirm the court's receipt of the Letter and its failure to respond to the Objection Order until four months after it was entered, should qualify as excusable neglect and cause for reconsideration.

      c.     In arguing excusable neglect, Vedsoft encourages the court to follow *In re Washington County Broadcasting, Inc.*, 39 B.R. 77, 79 (Bankr. D. Me. 1984), which emphasizes a "liberal standard of 'excusable neglect,'" particularly if no dividend has yet been paid to other creditors.

      d.     In this District, the circumstances which relate to whether neglect is excusable include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (U.S. 1993) (evaluating excusable neglect in the context of a motion to enlarge time under Fed. R. Bankr. P. 9006(b)); *In re Coker*, 2014 Bankr. LEXIS 4791 (Bankr. E.D.N.C. Nov. 21, 2014) (following *Pioneer* and applying the same standard to evaluate excusable neglect for purposes of Fed. R. Civ. P. 60(b)).

      e.     Out of the factors listed by the United States Supreme Court in *Pioneer*, the Fourth Circuit Court of Appeals has identified the reason for the delay as being the

5

"most important" factor in determining excusable neglect. *Fernandes v. Craine*, 538 F. App'x 274, 276 (4th Cir. 2013).

      f.    In this case, Vedsoft did not file the Motion to Reconsider until four months after the court entered the Objection Order. Upon receiving the Order, Vedsoft assumed the court had received the Letter, but never contacted the court to verify its receipt. If Vedsoft had read carefully the Objection Order, it would have known that the Claim was in jeopardy.

      g.    Vedsoft is not an unsophisticated party. It hired counsel to file a lawsuit against the Debtor and Brandport in Michigan. It obtained local counsel to domesticate the Judgment in Durham County, North Carolina. That same local counsel assisted Vedsoft in filing a proof of claim (with the required attachments) in Brandport's Chapter 7 case in November, 2010. By attempting to navigate the claims process without counsel in this case, and making assumptions rather that contacting the court, Vedsoft failed to successfully assert an allowable claim in this case.

      h.    Although Vedsoft has not exhibited any signs of bad faith, its course of action – or inaction, as the case may be – resulted in a four month delay in the Motion to Reconsider being filed. Vedsoft has provided no justification for its failure to follow the process for claims allowance in this court, and reconsideration is not appropriate.

14.    Because Vedsoft has failed to establish cause for reconsideration, there is no need to balance the equities of the case as they would relate to allowance or disallowance of the Claim. If the equities of Vedsoft, the Trustee, the estate and the creditors were to be considered, the allowance of the Claim would reduce the dividend to other creditors from 57.3% to 35.9%.

6

That would be unfair to creditors who were diligent in filing their claims and responding to objections.

15. Ironically, the Claim obtained by Vedsoft is the result of the failure of the Debtor and Brandport to respond to a pleading, thereby allowing the entry of the Judgment by Default.

16. At the hearing the Trustee was asked about additional attorney's fees and expenses that have been incurred by the Trustee in the defense of the Motion to Reconsider. The Trustee did not have that amount at the hearing but subsequently advised the court that amount was $3,021.00. This amount is fair and reasonable and has been allowed by a separate Order; now therefore,

It is ORDERED, ADJUDGED and DECREED as follows:

1. The Motion to Reconsider is denied; and

2. With the amendment for the additional Chapter 7 administrative expense allowed under a separate Order, the Trustee's Final Report is approved.

END OF DOCUMENT